UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kenneth Bennett, et al,

Plaintiffs,

v.

Shaun Hathaway, et al.,

Defendants.

Case No.: 04-CV-458

**DEFENDANT SHAUN HATHAWAY'S RESPONSE TO PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT**

NOW COMES Shaun Hathaway, by and through his attorneys, Ransmeier & Spellman Professional Corporation, and for his Answer to plaintiffs' Petition for Declaratory Judgment, Injunctive Relief, Damages and Demand for Jury Trial, says as follows:

1. Mr. Hathaway admits that he employed the plaintiffs as farm workers in 2001, that the plaintiffs were injured in a vehicular accident caused by the driver of another vehicle, who was intoxicated at the time. To the extent that the remaining allegations of Paragraph 1 of the Complaint relate to him, Mr. Hathaway denies them.

2. Admitted.

3. Admitted, except that Mr. Hathaway's farming operations was sited in Claremont and Unity, as well as Newport, and his residence is and at all times relevant to this matter was in Unity, New Hampshire.

4. Paragraph 4 of the Complaint does not refer or relate to Mr. Hathaway, and he is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

5. Paragraph 5 sets forth no factual allegations to which Mr. Hathaway is required to respond.

6. Paragraph 6 sets forth no factual allegations to which Mr. Hathaway is required to respond.

7. Paragraph 7 sets forth no factual allegations to which Mr. Hathaway is required to respond.

8. Paragraph 8 sets forth no factual allegations to which Mr. Hathaway is required to respond.

9. Paragraph 9 sets forth no factual allegations to which Mr. Hathaway is required to respond.

10. Paragraph 10 sets forth no factual allegations to which Mr. Hathaway is required to respond.

11. Paragraph 11 sets forth no factual allegations to which Mr. Hathaway is required to respond.

12. Paragraph 12 sets forth no factual allegations to which Mr. Hathaway is required to respond.

13. Paragraph 13 sets forth no factual allegations to which Mr. Hathaway is required to respond.

14. Paragraph 14 sets forth no factual allegations to which Mr. Hathaway is required to respond.

15. Mr. Hathaway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Mr. Hathaway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Mr. Hathaway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, except that he is aware that JCLO was involved in the process by which he was able to obtain and provide work for seasonal employees on his farm properties and that JCLO's role included involvement in working out any problems he might have with seasonal workers from Jamaica.

18. Mr. Hathaway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Mr. Hathaway is without knowledge or information to form a belief as to the truthfulness of the allegations set forth in Paragraph 19, except that he communicated to JCLO after the 2001 harvest season that he would like to employ the plaintiffs again in 2002.

20. Mr. Hathaway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20.

21. Mr. Hathaway admits the allegations set forth in Paragraph 21 of the Complaint, except that he is without knowledge or information as to whether the documents he submitted contained all of the agreements and assurances described in Paragraphs 10 and 11 of the Petition.

22. Admitted, except that he is without knowledge or information sufficient to form a belief as to what defendants Dacosta and JCLO knew or didn't know.

23. Admitted, except with respect to the allegation concerning "loss of wages," because Mr. Hathaway, knowing that plaintiffs sent money to their dependents in Jamaica each

week, continued to make payments to plaintiffs, from the time of their accident until their return to Jamaica in an amount equivalent to wages for approximately 53 hours of work per week, notwithstanding that plaintiffs were not working. Mr. Hathaway made those payments based on plaintiffs' agreement to pay him back once they began receiving Worker's Compensation benefits.

24. Admitted, except that it is Mr. Hathaway's recollection that plaintiffs return to Jamaica in early December, or at the very end of November, 2001, and further answering, Mr. Hathaway continued to provide lodgings to plaintiffs from the time of their accident until their departure for Jamaica, notwithstanding that plaintiffs performed no work during that period.

25. Mr. Hathaway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and further answering says that he filed an Initial Report of Injury immediately after plaintiffs' accident, encouraged the plaintiffs to file for Worker's Compensation benefits and provided them with the names of various attorneys in Claremont and Keene and subsequently learned that plaintiffs had hired an attorney when plaintiffs informed him that, on their attorney's advice, they were not going to honor their agreement to repay him for the money he had advanced to them in anticipation of their receipt of benefits from the Worker's Compensation claim he had advised them to file. Plaintiffs have since satisfied that obligation by repaying Mr. Hathaway, albeit belatedly.

26. Mr. Hathaway denies that he became very angry at the plaintiffs when he learned that they had pursued claims for compensation for their injuries and denies that he informed representatives of JCLO that he was displeased with the plaintiffs for pursuing such claims and denies that he requested that JCLO punish the plaintiffs for having pursued claims for compensation for their injuries in the automobile accident.

27. Mr. Hathaway denies all of the allegations set forth in Paragraph 27 which refer or relate to him in whole or in part, and he is without knowledge or information sufficient to form a belief as to what defendants Dacosta and JCLO may have done or intended.

28. Mr. Hathaway denies that he ever told the plaintiffs that they would not be allowed to return to the United States to work in the future because they had asserted claims for compensation for their injuries, and he denies that he ever told the plaintiffs that they were going to be "kicked out" of the H-2A program because they had asserted such claims.

29. Defendant Hathaway denies the allegations set forth in Paragraph 29 of the Complaint. Further answering, he says that his relationship with the plaintiffs was unaffected by their pursuit of Worker's Compensation benefits and that at no time before the end of the 2001 harvest season did he take any action, make any statement or intend to do other than to request that plaintiffs be permitted to work on his farm again during the 2002 season.

30. Mr. Hathaway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and further answering says that he never complained to JCLO about plaintiffs pursuit of Worker's Compensation benefits as a result of their automobile accident and never requested that they be denied future employment in the United States. In fact, he had advised plaintiffs to pursue Worker's Compensation Benefits, attempted to facilitate that process by providing them with the names of local attorneys and anticipated that plaintiffs would return to work for him the following summer.

31. Mr. Hathaway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

32. Mr. Hathaway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32.

33. Mr. Hathaway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33.

34. Mr. Hathaway denies that he took any action adverse to the plaintiffs or in reprisal against the plaintiffs for asserting Worker's Compensation claims or consulting with a legal assistance program and/or private attorney.

35. Mr. Hathaway restates and incorporates by reference herein his responses to Paragraphs 1 through 34 of the Complaint as set forth above.

36. Mr. Hathaway denies that he ever black-listed the plaintiffs.

37. Mr. Hathaway denies that he ever interfered with plaintiffs' reasonable expectation of continued H-2A employment.

38. Mr. Hathaway denies that he ever intentionally interfered with plaintiffs' perspective advantage or perspective contractual relations or caused the plaintiffs to suffer loss of employment, loss of wages and incidental and consequential damages, and he denies that plaintiffs are entitled to recover any damages from him or that they are entitled to re-employment by him.

39. Mr. Hathaway restates and incorporates by reference herein his responses to Paragraphs 1 through 38 of the Complaint as set forth above.

40. Mr. Hathaway denies that he black-listed the plaintiffs or acted in a way that was extreme or outrageous toward the plaintiffs or that he intentionally inflicted severe emotional distress on the plaintiffs, and he further denies that any actions he took directly and proximately caused the plaintiffs emotional distress of any sort.

41. Mr. Hathaway that the plaintiffs are entitled to recover any damages whatsoever from him.

42. Mr. Hathaway restates and incorporates by reference herein his responses to Paragraphs 1 through 41 of the Complaint as set forth above.

43. Mr. Hathaway denies that he ever agreed with anyone to punish the plaintiffs for pursuing claims for compensation for their injuries, denies that he took overt actions to do so, denies that he conspired to deprive the plaintiffs of their rights and denies that he conspired to interfere with plaintiffs perspective advantage or perspective contractual relations and to intentionally inflict emotional distress on plaintiffs.

44. Mr. Hathaway denies that any action on his part caused the plaintiffs to suffer injury in the form of lost wages, lost employment, emotional distress, mental anguish, emotional suffering, humiliation, incidental or consequential damages or any other form of injury or damages, and he denies that plaintiffs are entitled to any compensation or damages from him whatsoever.

45. Mr. Hathaway restates and incorporates by reference herein his responses to Paragraphs 1 through 44 of the Complaint as set forth above.

46. Mr. Hathaway denies that he did anything to "black-list" the plaintiffs and denies that he violated INA or DOL implementing regulations.

47. Mr. Hathaway denies that he is liable as alleged in Paragraph 47 of the Complaint for any damages whatsoever and denies that the plaintiffs are entitled to be re-employed by him.

48. Mr. Hathaway restates and incorporates by reference herein his responses to Paragraphs 1 through 47 of the Complaint as set forth above.

49. Mr. Hathaway denies that he did anything which caused the plaintiffs to be "black-listed" or in any way breached their employment contracts.

50. Mr. Hathaway denies that he caused the plaintiffs to suffer any injuries or damages and denies that plaintiffs are entitled to any damages against him.

51. Mr. Hathaway restates and incorporates by reference herein his responses to Paragraphs 1 through 50 of the Complaint as set forth above.

52. Mr. Hathaway denies that he black-listed the plaintiffs, discharged or constructively discharged plaintiffs from employment and denies that he took any action to the plaintiffs motivated by bad faith, retaliation and/or malice.

53. Paragraph 53 of the Complaint sets forth no facts to which a responsive pleading is required.

54. Mr. Hathaway denies that anything he did caused the plaintiffs injuries or damages and denies that plaintiffs are entitled to any compensation from him.

55. Mr. Hathaway asserts his right to a jury trial in this action.

Respectfully submitted,

SHAUN HATHAWAY

By his attorneys,

RANSMEIER & SPELLMAN
Professional Corporation

Date: January 10, 2005

By: __*/s/ Steven E. Hengen*________
Steven E. Hengen (NHBA #1137)
One Capitol Street
P.O. Box 600
Concord, NH 03302-0600
(603) 228-0477

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded this date by ECF to John Tobin, Esquire, Kenneth Barnes, Esquire, and Marc Scheer, Esquire.

__*/s/ Steven E. Hengen*______________
Steven E. Hengen